## BEFORE THE
## ADMINISTRATIVE HEARING COMMISSION
## STATE OF MISSOURI

THE DIRECTOR OF THE MISSOURI )
DEPARTMENT OF PUBLIC SAFETY,)
1101 Riverside Drive, P.O. Box 749   )
Jefferson City, MO 65102             )
(573) 751-4905                       )
                                       )
            Petitioner,      )
                                       )
v.                                   )    Case No.
                                       )
ELLIS C. BROWN III,                  )
7928 Joel Avenue                     )
St. Louis, MO 63123                  )
(314) 379-4124                       )
                                       )
            Respondent.     )

**FILED**
**OCT 0 3 2017**
ADMINISTRATIVE HEARING
COMMISSION

## COMPLAINT FOR DISCIPLINE OF PEACE OFFICER LICENSE

      **COMES NOW** the Director of the Missouri Department of Public Safety, by and through the Missouri Attorney General, and for his petition for peace officer discipline, avers as follows:

      1.    Petitioner is Director of the Missouri Department of Public Safety, and is vested by law with the authority to issue, suspend, and/or revoke peace officer licenses pursuant to Chapter 590 of the Revised Statutes of Missouri (RSMo)[1] and Title 11 of the Missouri Code of State Regulations (CSR), as well as the Rules and Regulations of the Missouri Department of Public Safety.

---

[1] All statutory citations are to the 2016 Missouri Revised Statutes, as amended, unless otherwise indicated.

2. Respondent, Ellis C. Brown III ("Respondent"), is licensed (no. 59158) as a peace officer by the Missouri Department of Public Safety, which license is maintained and certified by its regulatory arm, the Peace Officer Standards and Training ("POST") Program. Respondent's license is and was active at all times relevant herein; and he currently holds a commission with the St. Ann Police Department.

3. On or about September 15, 2016, in the City of St. Louis, State of Missouri, Respondent, while on duty and patrolling the streets with his partner, Mr. Trenton M. Lee, in a marked SLMPD patrol vehicle, began tailing a privately owned vehicle during the midnight hour. The driver of the privately owned vehicle, apparently not realizing that it was the police that were tailing her, began to accelerate. The driver lost control of the vehicle and struck a light pole, causing a fiery explosion as the vehicle became engulfed in flames. Rather than stop to render aid, Respondent and his partner opted to depart the vicinity without even radioing in the accident. What is more, Respondent and his partner fabricated a false narrative to account for their whereabouts during the timeframe in questions, thereby hindering the investigation.

4. Section 590.080.2, RSMo, provides that when Petitioner has either actual or constructive knowledge of cause to discipline a peace officer, he may file a complaint with the Administrative Hearing Commission (AHC), as provided by Chapters 590 and 621, RSMo. Respondent has a due process right to have evidence presented to a neutral adjudicatory body, which will ascertain whether there is sufficient cause to discipline per a preponderance of the evidence standard.

5. Section 590.080, RSMo, provides, in pertinent part:

1. The Director shall have cause to discipline any peace officer licensee who:

(3) Has committed any act while on active duty or under the color of law that involves moral turpitude or a reckless disregard for the safety of the public or any person;

10. "Moral turpitude" is defined as "an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man or to society in general, contrary to the accepted and customary rule of right and duty between man and man; everything done contrary to justice, honesty, modesty, and good morals." *In re Frick*, 694 S.W.2d 473, 479 (Mo. Banc 1985) (quoting *In re Wallace*, 19 S.W.2d 625 (Mo. banc 1929)).

11. That Respondent consciously neglected his duty to render aid to subjects of an automobile accident; that he did not stop to ascertain the number of occupants of the vehicle; that he did not render first aid; that he did not report the accident; that he made a false report to account for his whereabouts; that he otherwise acted in a manner that belies good morals and is certainly unbecoming of a peace officer; is more than sufficient cause to discipline his peace officer license.

12. Pursuant to Chapters 590 and 621, RSMo, this Commission has original jurisdiction to receive this Complaint and ascertain whether cause exists for Petitioner to discipline Respondent's peace officer certification.

**WHEREFORE**, in light of the foregoing, Petitioner prays that this Commission forthwith set this matter for an evidentiary hearing and, after weighing the evidence corroborating this complaint, conclude that Respondent's peace officer certification is subject to discipline.

Respectfully submitted,

JOSHUA D. HAWLEY
Missouri Attorney General

Ryan C. H. McCarty, #62943
Assistant Attorney General

Supreme Court Building
207 West High Street
Post Office Box 899
Jefferson City, MO 65102
Telephone: (573) 751-3821
Facsimile: (573) 751-5660
Email: ryan.mccarty@ago.mo.gov
**Attorneys for Petitioner**