IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:20 CR 380 AGF |
| v. | ) | |
| | ) | |
| ELLIS CARROLL BROWN III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## UNITED STATES OF AMERICA'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF CHRISTOPHER B. TUCKER

COMES NOW the United States of America, through its counsel Sayler A. Fleming, United States Attorney for the Eastern District of Missouri and Sirena Miller Wissler and Derek Wiseman, Assistant United States Attorneys for said District, and moves this Court for an order *in limine* precluding the testimony of Christopher B. Tucker, who was first noticed as an expert in a document filed with the Court less than a week before trial. *See* Doc. 65. As set forth below, this expert notice—submitted in the eleventh hour—does not identify the opinions to be offered by Mr. Tucker or the bases or reasons for those opinions, and thus does not comply with Rule 16(b)(1)(C). Without that required information, neither the United States nor the Court is in a position to evaluate whether Mr. Tucker's opinions require specialized knowledge, are based upon facts or data of a type reasonably relied upon by experts, or are the product of reliable principles and methods. Nor is there a basis to evaluate whether Mr. Tucker's testimony would be relevant and helpful to the jury

1

or whether the testimony would be improperly unfairly prejudicial under Rule 403. Compounding these deficiencies is the fact that the notice is extraordinarily late—coming on the eve of trial—leaving no time for the United States to hire its own expert in order to prepare an effective cross examination and put on a rebuttal case. The defense has no excuse for waiting until this stage of the proceedings to notice an expert, as the defense has had months to plan its affirmative case.

## I. Applicable Law

### A. Federal Rule of Evidence 702

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The party that proffers the testimony bears the burden of showing that it is admissible. *See Bourjaily v. United States*, 483 U.S. 171, 172-73 (1987). The District Court's exclusion of expert testimony will be affirmed unless it constitutes an abuse of discretion. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997).

A threshold issue is whether the witness is "qualified as an expert" to render the proposed opinion. *See Nimley v. City of New York*, 414 F.3d 381, 396 (2d Cir. 2005). Expert testimony is admissible only if the trial court determines that it is both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-90 (1993); *see Kumho Tire Company, Inc. v. Carmichael*, 526 U.S. 137 (1999).

Specifically, in *Daubert*, the Court held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. at 597. "*Daubert* applies to both defense and government experts." *United States v. Yousef*, 327 F.3d 56, 148 (2d Cir. 2003).

In *Joiner*, the Supreme Court explained that "[n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." 522 U.S. at 146. For example, in *Kumho Tire*, the Court upheld the exclusion of an expert's testimony that a defect caused a tire's tread to separate from the rest of the tire, because the expert's theories could not reliably determine the cause of the separation in the tire at issue. 526 U.S. at 154-55.

Applying Rule 702, the Court must determine whether the expert's reasoning and methodology underlying his testimony is valid, and whether that reasoning or methodology was applied reliably to the facts, so as to be relevant and helpful to the jury. *See Kumho Tire Co.*, 526 U.S. 137. The fact that an expert may generally possess "specialized knowledge" does not automatically render his opinions in this case reliable. *See SEC v. Lipson*, 46 F. Supp. 2d 758, 761 (N.D. Ill. 1998) (fact that witness is a certified public accountant, generally possessing the "specialized knowledge" to qualify as an expert witness, does not automatically render his opinions reliable).

Expert testimony is inadmissible when it addresses "lay matters which [the trier of fact] is capable of understanding and deciding without the expert's help." *Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989). In addition, as a general matter, "[i]t is well-settled that experts may not offer legal conclusions about a case." *Lombardo v. Saint Louis City*, No. 4:16-CV-01637-NCC, 2019 WL 414773, at *8 (E.D. Mo. Feb. 1, 2019) (internal quotations omitted). *See also Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995) (it was abuse of discretion to allow police-practices expert to testify that officers' conduct comported with Fourth Amendment); *Valencia v. Davis*, 836 F. App'x 292, 299–300 (5th Cir. 2020) ("Experts cannot render conclusions of law or provide opinions on legal issues . . . Reasonableness under the Fourth Amendment or Due Process Clause is a legal conclusion . . . We have thus affirmed the exclusion of expert reports where, as here, they opine that a defendant's use of force was unnecessary and objectively unreasonable based on well-established law enforcement use of force training and standards." (internal quotations omitted)); *Morley v. Square, Inc.*, No. 4:10-CV-02243-SNLJ, 2016 WL 1728367, at *1–2 (E.D. Mo. Apr. 29, 2016). As federal appellate courts have recognized "[e]ven if a jury were not misled into adopting a legal conclusion proffered by an expert witness, the testimony would remain objectionable by communicating a legal standard--explicit or implicit--to the jury." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). Further, an expert "is not qualified to compete with the judge in the function of instructing the jury." *Id.*

The party seeking admission of expert testimony must demonstrate that the testimony is based on the witness's specialized knowledge. *See United States v. Mejia*, 545 F.3d 179, 196 (2d Cir. 2008) (district court erred in allowing expert testimony "about matters that required no specialized knowledge"). Federal courts have warned against the "uncontrolled" use of expert testimony that might have the effect of providing "an additional summation by having the expert interpret the evidence." *United States v. Nersesian*, 824 F.2d 1294, 1308 (2d Cir. 1987). A district court must therefore be vigilant to prevent an expert from "usurping the jury's function." *Id. See also Zorich v. St. Louis City.*, No. 4:17-CV-1522 PLC, 2018 WL 3995689, at *3 (E.D. Mo. Aug. 21, 2018) (excluding police policies and practices expert's testimony regarding the reasonableness of the defendant officers' actions as legal conclusions that invade the "province of the jury").

### B. Federal Rule of Evidence 703

Rule 703 of the Federal Rules of Evidence precludes an expert from disclosing to the jury "[f]acts or data that are otherwise inadmissible" unless the court determines that their probative value substantially outweighs their prejudicial effect, and the facts or data must be "of a type reasonably relied upon by experts in the particular field forming opinions or inferences upon the subject."

### C. Federal Rule of Evidence 704

Rule 704(b) of the Federal Rules of Evidence provides that, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime

5

charged or of a defense. Those matters are for the trier of fact alone." Federal courts have recognized the inadmissibility of expert testimony on a defendant's mental state who has been charged with deprivation of rights under color of law. *United States v. Palkowitsch*, No. 19-CR-0013 (WMW/DTS), 2019 WL 5854059, at *1–2 (D. Minn. Nov. 8, 2019) ("Because Palkowitsch's mental state is an element of the charged offense, the United States's motion is granted as to opinions pertaining to Palkowitsch's mental state.").

### D. Federal Rules of Evidence 401 and 403

Rules 401 and 403 of the Federal Rules of Evidence provide that evidence is admissible when it tends to make the existence of any fact that is of consequence more or less probable than it would be without the evidence, but that the evidence may be excluded if its probative value is substantially outweighed by, among other things, the danger of unfair prejudice, confusion of the issues, and misleading the jury. "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses." *Daubert*, 509 U.S. at 595.

### E. Federal Rule of Criminal Procedure 16

A defendant must "give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial." Fed. R. Crim. P. 16(b)(1)(C). "This summary must describe the witness's opinions, the bases and reasons for those opinions, and the

witness's qualifications." *Id*. The purpose of the expert disclosure requirement is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16, advisory committee's note to 1993 amendment. Indeed, "[w]ith increased use of both scientific and nonscientific expert testimony, one of counsel's most basic discovery needs is to learn that an expert is expected to testify." *Id*.

"If a defendant fails to provide disclosures in accordance with Rule 16(b)(1)(C), the district court may exclude the expert's testimony at trial." *United States v. Valle*, No. 12 Cr. 847(PGG), 2013 WL 440687, at *5 (S.D.N.Y. Feb. 2, 2013). *See United States v. Ulbricht*, 858 F.3d 71, 115 (2d Cir. 2017) ("If a party fails to comply with Rule 16, the district court has 'broad discretion in fashioning a remedy,' which may include . . . 'ordering the exclusion of evidence.'" (quoting *United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016)); *see* Fed. R. Crim. P. 16(d)(2)(A)-(D) (a district court may order "any other [remedy] that is just under the circumstances"). *See also United States v. Benedict*, 855 F.3d 880, 885 (8th Cir. 2017) ("We conclude the district court did not abuse its discretion by excluding evidence for" failure to comply with the Rule 16 disclosure requirements); *United States v. Jones*, 842 F.3d 1077, 1080–82 (8th Cir. 2016) ("The court did not abuse its discretion by excluding this expert testimony which had not been properly disclosed."); *United States v. Holmes*, 670 F.3d 586, 599 (4th Cir. 2012) (concluding the district court did not abuse its discretion in excluding expert testimony after required Rule 16(b)(1)(C) disclosures were not made); *United*

7

*States v. Day*, 524 F.3d 1361, 1371 (D.C. Cir. 2008) ("[I]t was not an abuse of discretion for the District Court to conclude that the appropriate sanction for the Rule 16 violation was the exclusion of Dr. Spodak's testimony");*United States v. Slough*, 51 F. Supp. 3d 1, 8–9 (D.D.C. 2014) (granting the United States's motion to exclude expert testimony where trial was set to begin within the week, and the defendant had yet to supplement inadequate expert disclosures).

## II. Discussion

### A. Mr. Tucker's Testimony Should Be Excluded Because the Expert Notice Fails to Comply with Rule 16(b)(1)(C).

On June 1, 2021, this Court ordered that "by **Wednesday, June 2, 2021**, Defendant shall disclose to the Government and to the Court any proposed expert witness, as required by Fed. R. Crim. P. Rule 16(b)." *See* Doc. 62, p. 2 (emphasis in original). At 6:30pm on Wednesday, June 2, 2021, Defendant filed a notice proposing to call an expert witness, which plainly fails to meet the requirements under Fed. R. Crim. P. Rule 16(b). *See* Doc. 65.

The expert notice provided by the defendant is vague, incorrect in areas,[1] and clearly insufficient under the Federal Rules of Criminal Procedure. Indeed, the notice merely provides a list of topics upon which Mr. Tucker seeks to testify, without any indication as to Mr. Tucker's "opinions" on those topics, or "the bases and reasons for

---

[1] For example, the report states that Mr. Tucker was "advised of Mr. Kolb's **Second Amended Complaint**, wherein Mr. Kolb alleges he was injured by Defendant Ellis Brown on April 9, 2019[,]" and further states that the report "relies on materials . . . to include . . . court documents pertaining to **Plaintiff Kolb**." *See* Doc. 65-1, p. 1 (emphasis added). A search of both Missouri CaseNet and PACER reveals that there is no pending civil litigation between Mr. Kolb and Mr. Brown or the City of St. Ann.

8

those opinions." Fed. R. Crim. P. 16(b)(1)(C). The notice simply lists broadly defined areas of testimony, described as:

> Based on my review of the above materials and my training, education, experience, and professional qualifications in use of force and police tactics my testimony will be to educate the finder of fact on the general principles of police use of force.
>
> I will be discussing the St Ann Use of Force policy generally and its compliance with CALEA standards and the significance of the CALEA standards.
>
> I will discuss the Use of Reasonable Force: Less Lethal Weapons of the St Ann Use of Force Policy as it relates to hands, fists, and feet and the training appurtenant there to.
>
> I will discuss the issues for the arresting officer when a suspect tucks the hands underneath the body when attempting to be taken into custody, the issues related to that action and its effect on a reasonable police officer in that circumstance. I will discuss the training an officer receives when encountering this scenario and other circumstances when these lesser use of force is used.
>
> I will also discuss the circumstances when mace can be deployed and the training involved with deployment.
>
> I would also discuss whether Ellis Brown's use of force was in compliance with his training.

See Doc. 65-1, p. 3.

This notice is plainly insufficient under Rule 16(b)(1)(C). Indeed, the notice is devoid of any specific information regarding the opinions of the expert regarding any of these issues. *United States v. Valle*, No. 12 Cr. 847 (PGG), 2013 WL 440687, at *5 (S.D.N.Y. Feb. 2, 2013) ("Merely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's *actual opinions*.") (emphasis added) (citing *United States v. Duvall*, 272 F.3d 825, 828 (7th

9

Cir. 2001). *See also United States v. Ulbricht*, 858 F.3d 71, 115 (2d Cir. 2017) ("The district court did not abuse its discretion in precluding the defense from calling its proposed experts. Not only were the disclosures late, more importantly, they were plainly inadequate. Both disclosures merely listed general and in some cases extremely broad topics on which the experts might opine.").

As a practical matter, in order for the United States and ultimately the Court to evaluate whether the proposed expert testimony is "the product of reliable principles and methods" pursuant to *Daubert* and its progeny, the defendant is obligated to provide the United States with more than passing references to the types of information the proposed expert reviewed or considered in the course of preparing to testify. *See, e.g., Nimely v. City of New York*, 414 F.3d 381, 396-97 (2d Cir. 2005) (holding that district courts have a screening function to evaluate the qualifications of an expert, the reliability of the expert's opinions, and the relevance of the proposed expert testimony); *SEC v. Johnson*, 525 F. Supp. 2d 70, 74 (D.D.C. 2007) ("The first prong of *Daubert* requires the trial court to assess the methodology employed by the expert as a means of ensuring evidentiary reliability."). Without proper notice, the United States is not in a position to evaluate and make any challenges to the proffered testimony, and the Court is not in a position to effectively exercise its gatekeeping functions to exclude the testimony to the extent it is improper.

Further, the insufficiency of the expert notice regarding Mr. Tucker's testimony makes it impossible for the United States to test the merits of the proffered

10

testimony through cross examination. By waiting until less than a week before trial and by omitting any specifics regarding the opinions to be rendered, the defendant has failed to give the United States any opportunity to perform its own analysis or to seek to obtain its own expert to challenge the opinions of the defense expert. The very purpose of the notice requirements of Rule 16(b)(1)(C) is to ensure that the opposing party is afforded such an opportunity, in the interest of protecting the integrity of the adversarial process. *See, e.g., United States v. Hoffecker*, 530 F.3d 137, 187 (3d Cir. 2008) (affirming district court's preclusion of defense expert where insufficient Rule 16(b)(1)(C) notice was provided three days before jury selection, holding that "admission of this testimony would have been an affront to the public interests in the 'integrity of the adversary process,' 'the fair and efficient administration of justice,' and 'the truth-determining function of the trial process'") (quoting *Taylor v. United States*, 484 U.S. 400, 414-15 (1988)).

Under the circumstances, in the event that Mr. Tucker's testimony is not precluded, the United States may be forced to request a continuance after he testifies in order to permit an effective response, which is exactly what the notice requirements of Rule 16(b)(1)(C) were designed to prevent. *United States v. Rajaratnam*, No. 09 Cr. 1184 (RJH), 2011 WL 723530, at *3 (S.D.N.Y. Feb. 25, 2011) ("[T]he purpose of reciprocal expert disclosures is to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's

testimony through focused cross-examination.") (internal quotation marks and citation omitted).

Because the defendant's delayed expert notice disclosed neither the expert's "opinions," nor "the bases and reasons for those opinions"—as required by Rule 16—this Court should preclude the defendant from calling the proposed expert. Such an order is consistent with federal court decisions from across the country in similar situations. For example, the United States Court of Appeals for the Second Circuit held that "[t]he district court did not abuse its discretion in precluding the defense from calling its proposed experts. Not only were the disclosures late, more importantly, they were plainly inadequate." *Ulbricht*, 858 F.3d at 115. Much like the deficient expert notice here, the expert notice in *Ulbricht* "indicated that the experts would testify on general topics," but the notice did not "summarize the experts' opinions about those topics, let alone describe the bases for the experts' opinions." *Id*. Ultimately, the Second Circuit held that the failure of the expert notice to comply with Rule 16 warranted the district court's decision to preclude the expert testimony. *Id. See also United States v. Benedict*, 855 F.3d 880, 885 (8th Cir. 2017) ("We conclude the district court did not abuse its discretion by excluding evidence for" failure to comply with the Rule 16 disclosure requirements); *United States v. Jones*, 842 F.3d 1077, 1080–82 (8th Cir. 2016) (Because the expert notice failed to include "the reasons for [the expert's] opinions as required by Rule 16(b)(1)(C) . . . The court did not abuse its discretion by excluding this expert testimony which had not been properly disclosed"); *United States v. Holmes*, 670 F.3d 586, 599 (4th Cir. 2012) (concluding

the district court did not abuse its discretion in excluding expert testimony after required Rule 16(b)(1)(C) disclosures were not made); *United States v. Day*, 524 F.3d 1361 (D.C. Cir. 2008) ("[I]t was not an abuse of discretion for the District Court to conclude that the appropriate sanction for the Rule 16 violation was the exclusion of Dr. Spodak's testimony"); *United States v. Slough*, 51 F. Supp. 3d 1, 8–9 (D.D.C. 2014) (granting the United States's motion to exclude expert testimony where trial was set to begin within the week, and the defendant had yet to supplement inadequate expert disclosures); *United States v. Birdsbill*, 243 F. Supp. 2d 1128, 1130–31 (D. Mont. 2003) (holding that the defense could not call an expert witness because the "disclosure does not actually state what Dr. Scolatti's opinion is but, rather, merely provides a test result").[2]

### B. Mr. Tucker's Testimony Should Also Be Excluded—Independent of the Facial Insufficiency of the Notice—Because the Expert Notice Is Inexcusably Untimely.

There is no possible valid excuse for the defendant to have waited until such a late stage of the proceeding to notice an expert. The defendant has been fully cognizant of the nature of the charge against him since the indictment was returned in August 2020. The defendant has had more than ample time to develop a potential expert witness, and the defendant has not—and cannot—explain why the expert notice was submitted at such a late stage. For this reason alone, Mr. Tucker's

---

[2] The insufficiency of the notice frustrates any effort on the part of the United States to determine whether the proposed expert testimony is even relevant. Nothing in this response should be interpreted as a concession on the part of the United States that the proposed testimony would be relevant or admissible even if the notice had been adequate.

13

testimony should be precluded. *See, e.g.*, *United States v. Causey*, 748 F.3d 310, 318-19 (7th Cir. 2014) (finding that district court properly excluded expert testimony, where the defendant did not comply with Rule 16 notice requirements); *United States v. Blair*, 493 Fed. Appx. 38, 53 (11th Cir. 2012) (finding that the district court properly excluded expert testimony where notice was provided by the defendant during trial, without "sufficient justification for his untimeliness"); *United States v. Petrie*, 302 F.3d 1280, 1288 (11th Cir. 2002) (finding that district court properly excluded expert testimony "[a]s a sanction for untimely disclosure" because defendant "waited until Friday afternoon prior to the commencement of trial on Monday . . . to disclose his expert to the government"); *Hoffecker*, 530 F.3d at 187 (finding that district court properly excluded expert testimony when notice was provided by the defendant three days before jury selection); *United States v. Mahaffy*, No. 05CR613(S-3)(ILG), 2007 WL 1213738, at *3 (E.D.N.Y. Apr. 24, 2007) (precluding defense expert witness for which insufficient notice was provided on the day that trial commenced, tardiness of notice was "particularly egregious because he has been in possession of the Superseding Indictment for over a year, ample time to determine the topics upon which his expert would testify").

### III. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court enter an order *in limine* precluding the testimony of Christopher B. Tucker, who was first noticed as an expert in a document filed with the Court less than a week before trial. *See* Doc. 65.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

 <u>*/s/ Derek J. Wiseman*</u>
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel for the defendant.

/s/ Derek J. Wiseman
DEREK J. WISEMAN #67257MO
Assistant United States Attorney
