## UNITED STATED DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DISTRICT

| | | |
|---|---|---|
| UNTIED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:20-CR-380-AGF |
| | ) | |
| v. | ) | |
| | ) | |
| ELLIS CARROLL BROWN, III, | ) | |
| | ) | |
| Defendant. | ) | |

### OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

COMES NOW Defendant, Ellis Carroll Brown, III, by and through his counsel, James P. Towey, Jr., and pursuant to Rule 32(b)(6)(B) files his objections to the disclosure report. Specifically, Defendant makes the following objections:

I. Offense Conduct

1. Paragraph 11: The Defendant objects to the assertion that at the time S. K. was being kicked he was not posing a physical threat to anyone is unsupported by the evidence. The testimony from Officer Patrick Martin was that he was engaged in an active resisting with S.K. During this resisting, Officer Martin and Defendant Brown were aware that S.K. may be armed with a gun.

II. Offense Level Computation

The Defendant objects to the offense level computations contained in the disclosure report. Specifically, the Defendant objects to the following:

1. Paragraph 19: The base offense level to the extent that it relies upon USSG section 2H1.1 is correct. However, the underlying offense is not an aggravated

assault as found in USSG Section 2A2.2. Rather, the appropriate offense level is §2A2.3 which is assault. Under USSG §2H1.1, because the offense level under assault is less than that contained in this section, a Base Offense Level of 10 would be applied.

2. Paragraph 19:  The Defendant objects to the application of USSG §2A2.2(b)(2)(B), and asserts it is not supported by the evidence.  According to 1B1.1. application note 1(E) a dangerous weapon means (i) an instrument capable of inflicting death or serious bodily injury; or (ii) an object that is not an instrument capable of inflicting death or serious bodily injury but closely resembles such an instrument; or (II) the Defendant used the object in a manner that created the impression that the object was such an instrument.  Defendant Ellis Brown was wearing Skechers tennis shoes at the time of the event. The injuries in this matter were bodily injury and not serious bodily injury. Under the Specific Offense Characteristics of 2A2.3(b)(1) if the victim sustained bodily injury increase by 2 levels.

3. Paragraph 21: The Defendant objects to the application of USSG §381.3 and the assertion that the victim was physically restrained in the course of the offense as unsupported by the evidence. The testimony from Officer Patrick Martin was that he was engaged in an active resisting with S.K.  During this resisting Officer Martin and Defendant Brown were aware that S.K. may be armed with a gun. Officer Herb Simmons also assisted with taking S.K. into custody by providing handcuffs to Officer Martin to get him physically

restrained. No kicks were delivered once S.K. was restrained. Therefore, there should not be a two level increase.

4. Paragraph 24:  As to the Adjusted Offense Level, the Total Offense Level should have been 18.

5. Paragraph 27:  The Defendant objects to the calculation contained in the disclosure report as to the total offense level, and asserts that the total offense level should be 18.

Respectfully submitted,

/s/ James P. Towey, Jr.
JAMES P. TOWEY, JR. #35351
Attorney for Defendant
825 Maryville Centre Drive, Suite 300
Town and Country, MO 63017
(314) 392-5200

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25th, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Sirena Miller Wissler and Derek Wiseman, Assistant United States Attorneys.

/s/ James P. Towey, Jr.