UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-cr-380-AGF ) |
| ELLIS CARROLL BROWN III, | ) ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S PRESENTENCE INVESTIGATION REPORT OBJECTIONS (DOC. 96)**

COMES NOW, the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Derek J. Wiseman and Sirena M. Wissler, Assistant United States Attorneys for said District, and files this Response to Defendant's Presentence Investigation Report ("PSR") Objections. *See* Doc. 96. In response, the United States maintains that Defendant's PSR objections should be overruled, and states as follows:

**I.  Paragraphs 19, 24, and 27 of the Presentence Investigation Report Accurately Reflect That Defendant Committed an Aggravated Assault with a Dangerous Weapon.**

In Defendant's Objections to the Presentence Investigation Report, Defendant requests a reduction in his base offense level by claiming—without justification or support—that his "underlying offense is **not** an aggravated assault" under U.S.S.G. §2A2.2. *See* Doc. 96, pp. 1–2 (emphasis added). If the Court were to accept Defendant's incorrect claim that his crime was not an aggravated assault, his base offense level

1

would be reduced from 14 to 10, under U.S.S.G. §2H1.1.

According to the United States Sentencing Commission, "'[a]ggravated assault' means a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; [or] (B) serious bodily injury[.]" *See* United States Sentencing Commission, Guidelines Manual, §2A2.2, comment. (n.1) (Nov. 2018). Defendant apparently bases his claim that no aggravated assault occurred on two separate arguments: **(1)** that Defendant did not use a dangerous weapon with intent to cause bodily injury when he repeatedly kicked Steven Kolb's head and torso into the pavement with his shoes; and **(2)** that Steven Kolb's broken ribs and facial fractures did not constitute serious bodily injury. *See* Doc. 96, pp. 1–2. To prevail on his objection that he did not commit an aggravated assault, both of those claims must be true. But both arguments fail as a matter of fact and law.

As the United States already established in its Objection to the Presentence Investigation Report, Mr. Kolb's broken ribs and facial fractures qualify as a serious bodily injury under U.S.S.G. §1B1.1, comment. (n.1(M)). *See* Doc. 98. Therefore, Defendant committed an aggravated assault in this case because the assault on Mr. Kolb "involved . . . serious bodily injury[.]" U.S.S.G. §2A2.2, comment. (n.1). Likewise, Defendant's objection to the "dangerous weapon" enhancement under U.S.S.G. §2A2.2(b)(2)(B)—which adds four levels to the base offense level—must be overruled for the very same reason. *See* Doc. 96, p. 2. Indeed, Defendant concedes, as he must, that "'[d]angerous weapon' means . . . an instrument capable of inflicting death or

**serious bodily injury**[.]" *Id.* (quoting U.S.S.G. §1B1.1, comment. (n.1(E)) (emphasis added)). Because Defendant inflicted serious bodily injury by kicking Mr. Kolb's head and torso into the pavement with his tennis shoes, he therefore used a "dangerous weapon" under U.S.S.G. §2A2.2(b)(2)(B).

But even if this Court finds that Steven Kolb's broken ribs and fractured facial bones are not serious bodily injuries, the aggravated assault and dangerous weapon enhancements still apply because Defendant's shoes—which he used to kick Mr. Kolb's head and torso into the pavement—qualify as dangerous weapons. *See* U.S.S.G. §2A2.2, comment. (n.1) ("'Aggravated assault' means a felonious assault that involved . . . a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon[.]"). *See also* U.S.S.G. §1B1.1, comment. (n.1(E)) ("'Dangerous weapon' means . . . an instrument capable of inflicting death or serious bodily injury[.]). In fact, the jury found—unanimously and beyond a reasonable doubt—that Defendant used a dangerous weapon and that bodily injury resulted from Defendant's crime. *See* Doc. 84.

In addition, numerous circuit courts from across the country—including the United States Court of Appeals for the Eighth Circuit—have upheld the "dangerous weapon" enhancement under U.S.S.G. §2A2.2(b)(2)(B) when tennis shoes were used to kick a victim. *See United States v. White*, 675 F.3d 1106, 1110 (8th Cir. 2012) (holding that the district court did not abuse its discretion in applying the dangerous weapon enhancement under §2A2.2(b)(2)(B) where the victim was kicked with tennis shoes); *United States v. Hickman*, 766 F. App'x 240, 247 (6th Cir. 2019) (holding that

3

"the district court did not err in finding that Hickman's boot was a dangerous weapon" where the defendant committed a willful deprivation of rights by kicking a pretrial detainee with his boot); *United States v. Swallow*, 891 F.3d 1203, 1204–05 (9th Cir. 2018) (holding that "the district court did not abuse its discretion in concluding that Swallow's tennis shoes qualify as dangerous weapons," under §2A2.2(b)(2)(B) where the defendant "used his shoes to augment the force of the kicks and the stomp he delivered to the victim's head"); *United States v. Velasco*, 855 F.3d 691, 693–94 (5th Cir. 2017) (holding that "the district court did not clearly err . . . in concluding that shoes in conjunction with the hard ground constitute a dangerous weapon" where shoes were used to stomp a victim's head into a hard floor). *See also United States v. Duke*, 870 F.3d 397, 401–02 (6th Cir. 2017) ("This Court employs a functional approach to what constitutes a dangerous weapon under the Guidelines, and we have recognized that in the proper circumstances, almost anything can count as a dangerous weapon, including walking sticks, leather straps, rakes, **tennis shoes**, rubber boots, dogs, rings, concrete curbs, clothes irons, and stink bombs." (cleaned up) (emphasis added)).

In line with those circuit court holdings from across the country, the Presentence Investigation Report properly concludes that Defendant used a dangerous weapon with intent to commit bodily injury when he repeatedly kicked Steven Kolb's head and torso into the pavement with his tennis shoes. *See* PSR, at ¶ 19. Because Defendant used a dangerous weapon with intent to commit bodily injury, the Presentence Investigation Report accurately reflects that Defendant committed

4

an "aggravated assault" under U.S.S.G. §2A2.2, comment. (n.1), and that—in committing the crime—Defendant used a "dangerous weapon" under U.S.S.G. §2A2.2(b)(2)(B). Therefore, this Court should overrule Defendant's objections to paragraphs 19, 24, and 27.

**II.     Paragraphs 11, 21, 24, and 27 of the Presentence Investigation Report Accurately Reflect That Steven Kolb Was Physically Restrained By Multiple Officers When Defendant Repeatedly Kicked Him.**

Defendant's claim that Mr. Kolb was not physically restrained during Defendant's crime runs contrary to the facts and binding precedent. Section 3A1.3 of the Guidelines states that, "[i]f a victim was physically restrained in the course of the offense, increase by 2 levels." "Under the Guidelines, physically restrained 'means the forcible restraint of the victim **such as** by being tied, bound, or locked up.'" *United States v. Stevens*, 580 F.3d 718, 720 (8th Cir. 2009) (quoting U.S.S.G. §1B1.1, comment. (n.1(K)) (emphasis added)).

The Eighth Circuit has made clear that "[t]he use in the definition of the words 'such as' before those three terms indicates that the terms are merely illustrative examples and do not limit the type of conduct that may constitute a physical restraint." *Arcoren v. United States*, 929 F.2d 1235, 1246 (8th Cir. 1991) (quoting *United States v. Stokley*, 881 F.2d 114, 116 (4th Cir. 1989) ("[A] victim need not be tied or bound up so that his movement is completely restricted[.]")). Indeed, the Eighth Circuit has repeatedly affirmed the application of the physical restraint enhancement where the victim was confined to a particular area when the defendant

5

committed the crime. *See United States v. Long Turkey*, 342 F.3d 856, 859 (8th Cir. 2003) (affirming the physical restraint enhancement where the defendant held his victim "down by her arms and hair and pinning her beneath him during intercourse"); *United States v. Waugh,* 207 F.3d 1098, 1101 (8th Cir. 2000) (locking doors and pinning victim down with her arms behind her back constituted victim restraint); *Arcoren*, 929 F.2d at 1246 ("The record here shows that Arcoren repeatedly pushed and grabbed Brave Bird and Bordeaux, preventing them from leaving the bedroom on numerous occasions. This is a sufficient basis to conclude that they were 'physically restrained' under section 3A1.3.").

Applied here, Steven Kolb was confined to the U.S. Bank parking lot when Defendant was repeatedly kicking him. That's especially true because Mr. Kolb had just surrendered by voluntarily lying down on the bank parking lot pavement as multiple officers rapidly converged on his location. Before Defendant's kicks even began, Officer Patrick Martin placed himself on top of Mr. Kolb—pinning him on the ground. Defendant continued to kick Mr. Kolb as he was pinned face down on the pavement even as four other officers surrounded Mr. Kolb. Those kicks persisted even though those officers testified that they did not feel the necessity to kick Mr. Kolb.

In short, Steven Kolb had nowhere to go. He was physically restrained as Defendant repeatedly kicked his head and torso into the pavement.[1] Therefore, the

---

[1] Although it's not necessarily relevant to the physical restraint enhancement under §3A1.3, Defendant also makes the erroneous claim that he repeatedly kicked Mr. Kolb's head and torso into the pavement because Mr. Kolb presented a threat. *See* Doc. 96, p. 1. This claim is not only unsupported by the evidence, but it was also rejected by the jury. Simply put, the facts at trial demonstrated that Defendant repeatedly kicked Mr. Kolb's head and torso into the pavement because he wanted to injure Mr. Kolb—not because Mr. Kolb presented a threat.

Presentence Investigation Report properly applied a two-level enhancement under U.S.S.G. §3A1.3, and this Court should overrule Defendant's objections to paragraphs 11, 21, 24, and 27. *See e.g.*, *United States v. Clayton*, 172 F.3d 347, 353 (5th Cir. 1999) (holding that the physical restraint enhancement applied where a lawfully arrested suspect lay face down and handcuffed on the ground and the police officer defendant kicked the suspect in the head).

### III. Conclusion

For the foregoing reasons, the United States of America respectfully requests that the Court overrule Defendant's objections to the Presentence Investigation Report.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

 */s/ Derek J. Wiseman*
DEREK J. WISEMAN, #67257MO
SIRENA M. WISSLER, #55374MO
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

7

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel for the defendant.

/s/ Derek J. Wiseman
DEREK J. WISEMAN #67257MO
Assistant United States Attorney