**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cr-380-AGF |
| | ) | |
| ELLIS CARROLL BROWN III, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM

The United States of America, by and through Sayler A. Fleming, United States Attorney

for the Eastern District of Missouri, and Derek J. Wiseman and Sirena M. Wissler, Assistant United

States Attorneys for said District, files this Sentencing Memorandum and respectfully recommends

that this Court impose a term of incarceration of 120 months. This sentence falls within the

appropriately calculated Guidelines range[1] and is warranted under the relevant sentencing factors.

**I.     This Court should impose a 120-month sentence based on the relevant sentencing factors.**

In imposing a sentence, this Court must consider the relevant factors enumerated in 18

U.S.C. § 3553(a) and "make an individualized assessment based on the facts presented." *Gall v.*

*United States*, 552 U.S. 38, 50 (2007). Section 3553(a) instructs that this Court must:

> impose a sentence sufficient, but not greater than necessary, to accomplish the goals
> of sentencing, including to reflect the seriousness of the offense, to promote respect
> for the law, to provide just punishment for the offense, to afford adequate deterrence
> to criminal conduct, and to protect the public from further crimes of the defendant.

---

[1] The Guidelines range in this case is 108–135 months' incarceration. *See* Doc. 104, par. 63. Notably, the statutory maximum sentence in this case is 120 months' incarceration. *Id.*

*Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (cleaned up). Under the statute, this Court should also consider "'the nature and circumstance of the offense,' 'the history and characteristics of the defendant,' 'the sentencing range established by the Guidelines,' 'any pertinent policy statement' issued by the Sentencing Commission pursuant to its statutory authority, and 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id.* (quoting 18 U.S.C. § 3553(a)). Applied here, these factors demonstrate that a within-Guidelines sentence of 120 months is appropriate.

> **A.      The nature and circumstances of Brown's assault on an unarmed civilian make clear that he committed an incredibly serious violation of federal law.**

The facts detailed during Brown's trial demonstrate the seriousness of his crime. By repeatedly kicking a defenseless man's head and torso into the pavement—breaking his ribs and fracturing his facial bones—Brown committed a serious violation of federal law. The facts revealed at trial showed that the victim surrendered, that the victim voluntarily spread himself out on the pavement, and that the victim was already being pinned to the ground by another officer before the beating commenced. Brown's persistent kicks continued even after additional officers arrived on the scene, and they did not stop until officers stepped in to break it up. After repeatedly kicking the victim's head and ribs, as the victim lay face down on the pavement in a pool of his own blood, Brown casually walked away without calling for an ambulance or treating the victim's injuries. In short, the facts revealed that Brown administered a relentless series of kicks—bludgeoning the victim's face and rib cage—not to protect himself or others, but to cause the victim pain.

Instead of taking responsibility for his cruel and unconstitutional actions, Brown reported a self-serving and implausible version of events. According to Brown (and Brown alone), he was

interviewing another suspect at the police station when the car chase with the victim began. Brown

contends that, during the interview, he was simultaneously listening to his department radio and

questioning the interviewee. Based on another officer's over-the-radio description of the car that

did not belong to the victim, Brown maintains that the interviewee not only identified the victim,

but also speculated that the victim might be armed. As Brown tells it, he left the interview and

somehow became the lead car in the chase within minutes. Not only is Brown's story implausible

and unverified, but it also fails to justify his repeated kicking of the already-subdued victim who

had just surrendered.

We know just how unnecessary Brown's repeated kicks were in this case because his

conduct was as blatant as it was brutal. Indeed, Brown undertook this beating in broad daylight,

during rush hour, right next to one of the busiest intersections in the City of St. Louis, surrounded

by officers and civilians in the middle of a bank parking lot. Brown engaged in such a flagrant

beating under the misguided belief that he would not face accountability for putting a defenseless

man in the hospital. But after the jury's conclusion that Brown willfully deprived the victim of his

constitutional rights, Brown must now face full accountability. Any sentence below the Guidelines

range would certainly fail to achieve that mandate.

Federal courts across the country agree that civil rights violations are particularly serious

offenses. *See United States v. Boone*, 110 F. Supp. 3d 909, 919 (S.D. Iowa 2015) ("A Guideline

sentence in this case will make explicit that the excessive use of force by law enforcement is a

serious civil rights violation that simply will not be tolerated."); *see also United States v. McQueen*,

727 F.3d 1144, 1158 (11th Cir. 2013). Section 242 in particular was "designed for the protection

of great rights won after the Nation's most critical internal conflict." *United States v. Williams,* 341

U.S. 70, 87 (1951) (Douglas, J., dissenting). Indeed, "Congress fully understood the importance

of protecting citizens from the abuses of official power." *McQueen*, 727 F.3d at 1158; *see United*

*States v. Price*, 383 U.S. 787, 819 (1966) ("I believe that the United States has the right, and that

it is an incumbent duty upon it, to go into the States to enforce the rights of the citizens against all

who attempt to infringe upon those rights when they are recognized and secured by the

Constitution of the country." (quoting Cong. Globe, 41st Cong., 2d Sess., 3611–3613 (1870)

(remarks of Sen. Pool))). Brown's assault on an unarmed civilian in this case warrants a within-

Guidelines sentence of 120 months.

> **B.      Brown's history and characteristics demonstrate a pattern of abusing his position of authority to endanger the public.**

While this case represents Brown's first criminal conviction, it is by no means the first time

that he abused his position of authority to endanger those who he was charged to protect. Indeed,

on October 3, 2017, when Brown was a police officer in the City of St. Louis, a Complaint was

filed against Brown with the Missouri's Administrative Hearing Commission. *See* Doc. 47-1

("Administrative Hearing Commission Complaint"). The Administrative Hearing Commission

Complaint against Brown (the "Respondent" in that action) was premised on the following

allegation:

> On or about September 15, 2016, in the City of St. Louis, State of Missouri, Respondent, while on duty and patrolling the streets with his partner, Mr. Trenton M. Lee, in a marked SLMPD patrol vehicle, began tailing a privately owned vehicle during the midnight hour. The driver of the privately owned vehicle, apparently not realizing that it was the police that were tailing her, began to accelerate. The driver lost control of the vehicle and struck a light pole, causing a fiery explosion as the vehicle became engulfed in flames. Rather than stop to render aid, Respondent and his partner opted to depart the vicinity without even radioing in the accident. What is more, Respondent and his partner fabricated a false narrative to account for their whereabouts during the timeframe in questions, thereby hindering the investigation.

*See* Doc. 47-1, p. 2.

In response to the Complaint, Brown entered into a signed Joint Stipulation, in which he agreed that "[t]hose pertinent allegations contained in the Complaint . . . having been admitted in [Brown's] Answer, [Brown] engaged in conduct for which there is ample cause to discipline his peace officer license." *See* Doc. 47-2 ("Administrative Hearing Commission Joint Stipulation"), p. 2. In Brown's Answer, he admitted the following:

> 4. You were on patrol with fellow officer Trenton Lee.
>
> **RESPONSE: Admit.**
>
> 5. You were the driver of the patrol vehicle that morning.
>
> **RESPONSE: Admit.**
>
> 6. At approximately 0045L, you were following behind another vehicle, and observed said vehicle crash.
>
> **RESPONSE: Admit.**
>
> 7. Rather than stop to render assistance, you continued driving away from the scene of the accident.
>
> **RESPONSE: Admit.**

*See* Doc. 47-3 ("Administrative Hearing Commission Joint Motion"), p. 4; *see also* Doc. 47-4 ("Administrative Hearing Commission Certification"). Together with his blatant assault in this case, Brown's intentional disregard of his duty in 2017 establishes a pattern. Put simply, Brown's demonstrated pattern of abusing positions of authority to the detriment of defenseless civilians demands a sufficiently stiff sentence. A within-Guidelines sentence of 120 months satisfies such a demand.

**C.      A within-Guidelines sentence of 120 months will afford adequate deterrence to criminal conduct and promote respect for the rule of law.**

"General deterrence is 'one of the key purposes of sentencing,'" and careful consideration of it in fashioning a sentence is "especially compelling in the context of officials abusing their power." *United States v. Hooper*, 566 F. App's 771, 773 (11th Cir. 2014) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191–92 (11th Cir. 2008)). As Justice Brandeis put it:

> Decency, security, and liberty alike demand that government officials shall be subjected to the same rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously. Our government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy. To declare that in the administration of the criminal law the end justifies the means—to declare that the government may commit crimes in order to secure the conviction of a private criminal—would bring terrible retribution. Against that pernicious doctrine this court should resolutely set its face.

*Olmstead v. United States*, 277 U.S. 438, 468 (1928) (Brandeis, J., dissenting). "A Guideline sentence in this case will make explicit that the excessive use of force by law enforcement is a serious civil rights violation that simply will not be tolerated." *Boone*, 110 F. Supp. 3d at 919.

Not only will a within-Guidelines sentence promote respect for the rule of law among police officers—the vast majority of whom perform courageous and honorable work—but it will also send an important message to the public. The cornerstone of an effective criminal justice system is the public's trust. For the criminal justice system to work, the public must trust that justice will be served. The public must trust that the law will be applied fairly and equally—even against those who are charged to enforce it. Earning the public's trust requires sufficiently stiff sentences for those who abuse their position of authority to harm the citizens they are tasked with

6

protecting. Imposing a within-Guidelines sentence of 120 months in this case will assuredly promote respect for the rule of law.

Based on the Section 3553(a) factors, the United States respectfully recommends that Brown be sentenced to a term of 120 months of imprisonment.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Derek J. Wiseman*
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel for the defendant.

/s/ Derek J. Wiseman
DEREK J. WISEMAN #67257MO
Assistant United States Attorney
