UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-cr-00380-AGF |
| ) | |
| ELLIS CARROLL BROWN, III, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

Defendant Ellis Carroll Brown, III previously moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his underlying health conditions, the health risks posed by the COVID-19 pandemic, the hardship his family faced due to his incarceration, and his rehabilitation while incarcerated. ECF No. 154. The Court denied that motion on June 7, 2024, after concluding that Brown failed to demonstrate extraordinary and compelling reasons warranting a sentence reduction, or that a reduction was appropriate considering the sentencing factors listed under 18 U.S.C. § 3553(a). ECF No. 168.

Brown has now filed a second pro se motion (ECF No. 171) for relief under § 3582(c)(1)(A), as well as a pro se document (ECF No. 174) styled as an "Emergency Motion to Compel." In both motions, Brown argues that the Bureau of Prisons ("BOP") has failed to properly compute credits for time served that Brown believes are owed to

him under the First Step Act and the Second Chance Act, as well as BOP policies implementing those statutes. Brown further argues that the BOP has improperly denied Brown placement in a residential reentry center ("RRC") or on home confinement due to an alleged lack of bed space or adequate resources. *See* ECF Nos. 171 & 174. Brown asks the Court to require the BOP to grant Brown the credits that he claims are due; reduce Brown's sentence to time served with immediate placement on supervised release; and/or order Brown's immediate placement at either an RRC or on home confinement.

Brown argues that he has attempted to exhaust administrative remedies through various requests for relief submitted to BOP officials and that the Court should deem the administrative remedies exhausted or find that exhaustion is not necessary because the administrative remedies are unavailable or would be futile. Brown is currently incarcerated at Yazoo City Low FCI, in Yazoo City, Mississippi, with a projected release date of February 14, 2026.

Appointed counsel has filed a statement (ECF No. 179) that she would not supplement Brown's motion for compassionate release, and the Government has filed a response (ECF No. 176) in opposition to Brown's motion to compel. In its opposition, the Government argues that this Court lacks jurisdiction to grant Brown's requested relief and that Brown must instead seek such relief through a petition under 28 U.S.C. § 2441 in the appropriate district after exhausting his administrative remedies.

The Court agrees that it lacks jurisdiction to address Brown's complaints

2

regarding the issues of alleged credits owed or jail time computation by the BOP.[1] Whereas a "challenge to the validity of the sentence itself must be brought under [28 U.S.C. ] § 2255 in the district of the sentencing court,"[2] a defendant "may attack the execution of his sentence through § 2241 in the district where he is incarcerated." *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).

"Under 18 U.S.C. § 3585, questions concerning jail time computations are exclusively within the jurisdiction of the federal [BOP], [and] [t]he Attorney General of the United States, acting through the [BOP], must make initial sentence credit decisions under 18 U.S.C. § 3585(b)." *United States v. Ellingboe*, No. 4:22-CR-5 RLW, 2024 WL 1833542, at *1 (E.D. Mo. Apr. 26, 2024) (citing *United States v. Wilson*, 503 U.S. 329, 333-34 (1992), and *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004)).

An inmate's claim seeking credit for time served or challenging sentence computation must be presented first to the BOP. *Pardue*, 363 F.3d at 699. Once administrative remedies are exhausted, prisoners may then seek judicial review a through habeas corpus action under § 2241. *Id.* And, as noted above, such an action must be

---

[1] To the extent Brown argues that the BOP's alleged errors in executing his sentence constitute extraordinary and compelling reasons warranting release under 18 U.S.C. § 3582(c)(1)(A), the Court rejects that argument and continues to hold, for the reasons stated in its prior denial of compassionate release, that a sentence reduction would not be appropriate considering the sentencing factors in 18 U.S.C. § 3553(a).

[2] Brown has already filed such an action under § 2255 in this Court. *See Brown v. United States*, Case No. 4:22-cv-00654-AGF (E.D. Mo.).

3

filed against the inmate's custodian in the judicial district of incarceration, not the district of sentencing.[3] *See Matheny*, 307 F.3d at 711-12.

For these reasons, the Court lacks jurisdiction over Brown's motions challenging his sentence computation, and the motions must be denied without prejudice. *See, e.g.*, *Ellingboe*, 2024 WL 1833542, at *1–2 (holding the same); *see also Roberts v. United States*, No. 4:23-CV-00914-MTS, 2023 WL 5917390, at *1 (E.D. Mo. Aug. 15, 2023) (holding that a motion seeking a sentence reduction based on credits owed under the First Step Act must be brought in a § 2241 petition in the jurisdiction of incarceration or in the district with jurisdiction over the petitioner's custodian).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motions for compassionate release and to compel, both challenging the execution of Defendant's sentence, are **DISMISSED without prejudice**, for lack of jurisdiction. ECF No. 171 & 174.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2024.

---

[3] Alternatively, Brown may file a § 2241 petition in "any district in which the BOP maintains a regional office," but "the BOP does not maintain a regional office in the Eastern District of Missouri." *United States v. Chappel*, 208 F.3d 1069, 1069–70, 1069 n.2. (8th Cir. 2000).

4