UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
          Plaintiff,                )
                                    )
     vs.                            )      Case No. 4:20-cr-00380-AGF
                                    )
ELLIS CARROLL BROWN, III,           )
                                    )
          Defendant.                )

**MEMORANDUM AND ORDER**

Defendant Ellis Carroll Brown, III has filed several prior motions for

compassionate release under 18 U.S.C. § 3582(c)(1)(A), both based on his underlying

health conditions (ECF No. 154), and on his argument that the Bureau of Prisons

("BOP") has failed to properly compute credits for time served that Brown believes are

owed and has denied Brown placement in a residential reentry center ("RRC") or on

home confinement due to an alleged lack of resources (ECF Nos. 171 & 174).

The Court previously denied these motions after concluding that Brown failed to

demonstrate extraordinary and compelling reasons warranting a sentence reduction.  ECF

Nos. 168 & 180.  In its denial of Brown's motion challenging the BOP's execution of his

sentence and refusal to place him in an RRC, the Court explained that Brown's motion

must be filed as a petition under 28 U.S.C. § 2241 in the appropriate district after

exhausting his administrative remedies.  ECF No. 180.  The Court held that it lacked

jurisdiction to hear any § 2241 petition brought by Brown because such petition must be brought in the jurisdiction of Brown's incarceration[1] or in the district with jurisdiction over Brown's custodian. *Id*. The Court therefore dismissed Brown's motion without prejudice for lack of jurisdiction. *Id.*

Brown has now filed several "emergency" motions to reconsider the Court's denial of relief and, in each, asks that the Court find that the BOP has failed to properly compute his sentence and order the BOP to place Brown in an RRC or on home confinement. ECF Nos. 181, 182 & 183. Brown argues that reconsideration is warranted because the Court should have construed his prior motion as one filed under § 2241 and should have accepted jurisdiction over that motion.

The Court has carefully considered each of Brown's filings, and for the reasons previously held, the Court still concludes that it lacks jurisdiction over Brown's request for relief under § 2241. As the Court previously held, Brown's claim seeking credit for time served and challenging his sentence computation must be filed through a habeas corpus action under § 2241 in the judicial district of incarceration or in any district in which the BOP maintains a regional office.[2] *See, e.g.*, *Matheny v. Morrison*, 307 F.3d

---

[1]    Brown was and still is incarcerated at FCI Yazoo City Low, in Yazoo City, Mississippi, located within the Southern District of Mississippi.

[2]    Brown also argues that this Court has jurisdiction over his § 2241 petition because the BOP maintains an RRC in the Eastern District of Missouri. But the BOP's regional offices— distinct from its RRCs—are listed on the BOP's website, https://www.bop.gov/about/facilities/offices.jsp, and do not include an office in the Eastern

709, 711 (8th Cir. 2002); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); *United States v. Chappel*, 208 F.3d 1069, 1069–70. (8th Cir. 2000).

Brown appears to recognize this requirement as he has in fact filed nearly identical § 2241 petitions in the district of his incarceration, the Southern District of Mississippi, based on substantially similar arguments as those raised here. *See Brown v. Wingfield*, No. 3:24-cv-00504-TSL-MTP (S.D. Miss.); *Brown v. Harrison*, No. 3:23-cv-00607-TSL-LGI (S.D. Miss). Indeed, on the same date he filed the first of his current emergency motions to reconsider in this Court (ECF No. 181), Brown filed a substantially similar emergency motion for expedited relief in the Southern District of Mississippi. *See Brown v. Wingfield*, Case No. 3:24-cv-00504-TSL-MTP, ECF No. 8 (S.D. Miss. Jan. 2, 2025). The Southern District of Mississippi is the proper court to hear Brown's § 2241 claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's emergency and supplemental motions for reconsideration are **DENIED.** ECF Nos. 181, 182 & 183.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of January, 2025.

---

District of Missouri. *See also United States v. Chappel*, 208 F.3d 1069, 1070 n.2 (8th Cir. 2000) (noting, for the purpose of a § 2241 petition challenging the BOP's calculation of credits, that such a petition may be filed in the district in which the BOP maintains a regional office but that "[t]he BOP does not maintain a regional office in the Eastern District of Missouri").

3